IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NED JAMES, III, #K-91930, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-cv-00772-SMY |
| MENARD CORRECTIONAL CENTER, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On July 11, 2016, Plaintiff Ned James, III, filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 against 43 officials at Menard Correctional Center. He claims that these officials subjected him to numerous constitutional violations at Menard. Plaintiff seeks the termination of their employment, an Order closing the prison, and $100 million in damages (*id*.).

The case was opened without payment of a filing fee or the filing of a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP motion"). On July 11, 2016, the Clerk of Court sent Plaintiff a letter (Doc. 2) advising him that he must pay the $400.00 filing fee or file an IFP motion within thirty days (*i.e.*, before August 10, 2016). Included with this letter was a form IFP motion. Plaintiff was clearly warned that failure to pay the full filing fee or to file an IFP motion before the deadline would result in dismissal of this case (*Id.*). He was also advised of his continuing obligation to keep the Court informed of any changes in his address. Document 2 was sent to Plaintiff at the address listed on the Complaint and on file with the Clerk's Office in this action at the time – c/o Menard Correctional Center, 711 Kaskaskia Street, P.O. Box 1000, Menard, Illinois 62259.

On July 13, 2016, the Court also entered an Order (Doc. 3) dismissing the Complaint, after screening it and concluding that it violated Rule 8 of the Federal Rules of Civil Procedure. In addition, the Court determined that Plaintiff combined numerous unrelated claims against different defendants in a single action in violation of *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). Recognizing the Seventh Circuit's instructions to district courts to reject buckshot Complaints, the Court dismissed the Complaint without prejudice and granted Plaintiff leave to file a First Amended Complaint on or before August 17, 2016 (Doc. 3). By the same deadline, Plaintiff was ordered to pay his $400.00 filing fee for the action or file an IFP motion along with a certified copy of his trust fund account statement for the 6-month period immediately preceding this action (*i.e.*, from 1/1/2016 to 7/11/2016). Plaintiff was again clearly warned that failure to comply with these orders would result in dismissal of this action for want of prosecution and for failure to comply with a Court Order. *See* FED. R. CIV. P. 41(b).

The deadline for paying the full filing fee or filing a properly completed IFP motion has now passed without any communication from Plaintiff. Likewise, the deadline for filing a First Amended Complaint has passed without receipt of the same. Thus, Plaintiff is in clear violation of the Court's Order dated July 13, 2016 (Doc. 3).

The Court will not allow this matter to linger indefinitely. This action is therefore **DISMISSED** with prejudice for failure to comply with an Order of this Court and for want of prosecution. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $400.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

s/ STACI M. YANDLE
United States District Judge